FRANCIS LAVIN, as Administrator, etc., of ELLEN AGNES LAVIN, Deceased, Respondent, v. SECOND AVENUE RAILROAD COMPANY, Appellant.

*Negligence — a child crossing the tracks of a street railroad and falling on them.*

Where a child, attempting to cross a street in front of an approaching horse car, which is from thirteen to eighteen feet distant, falls and is first seen when the horses attached to the car are about five feet from her, the failure of the driver, who, on seeing the child on the track, applies the brake, to succeed in completely stopping the car (which is under his control and is not moving rapidly) before it reaches the child, does not warrant a finding of negligence on the part of the street railroad company.

APPEAL by the defendant, the Second Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of April, 1896, upon the verdict of a jury rendered after a trial at a Trial Term of the Supreme Court held in and for the county of New York, and also from an order entered in said clerk's office on the 30th day of April, 1896, denying the defendant's motion for a new trial made upon the minutes.

*Payson Merrill*, for the appellant.

*A. H. Hummel*, for the respondent.

PATTERSON, J.:

We are of opinion that the evidence introduced by the plaintiff was insufficient to sustain the allegation of the complaint; that the accident which resulted in the death of the plaintiff's intestate was due to the negligence of the defendant, and that for that reason the motion for a nonsuit should have been granted.

It appears that the child was crossing from the west side to the east side of Second avenue, in the city of New York, at about the middle of the block between One Hundred and Sixth and One Hundred and Seventh streets. The defendant's car was proceeding northward on the easterly track. The accident was witnessed by two spectators, called by the plaintiff, viz., Healey and Monahan. Healey testified that some twenty minutes before the accident occurred he saw the child pass from the east to the west side of the street, and about fifteen minutes afterwards return towards the east side. There was at first some little confusion in Healey's testimony respecting the direction in which the girl was going, but it is quite clear from his answers to the court that she was going from the west to the east, and that she had safely crossed the westerly track. He says that when he first saw the car the child was not near the track, but that she was from thirteen to eighteen feet away. The witness was on the east side of the street, directly opposite to her. The horses were about five feet from her when he saw her on the track. He testified that the driver pulled the horses to the west, evidently attempting to turn them so that the child would not be struck. This witness called the attention of Monahan to the child on the track, and says that the driver was stopping the car, but he could not stop it. The car came up slowly and made a little jump backward when the child was struck; it was a light car, and hit her on the side. The driver stopped it so quickly that it jumped a little from the track; that the car had about stopped already and was not stopped by striking the child, and the wheel did not go over the child. The witness Monahan first saw the child lying across the track with the wheel of the car about seven feet away from her; he did not see the child struck by the car, nor thrown down, nor in what direction the horses were. He saw that the driver had his hand on the brake. There is a slight grade on Second avenue sloping to the north, and it was such a grade as could be noticed.

We thus have the case of a child attempting to cross the street eighteen feet or more in front of a horse car, which is not going at a rapid rate, and which appears to have been under the control of the driver, and that the child having apparently room enough to cross the track in safety, but falling upon the track very near to the approaching horses, not driven carelessly, but presumably with care, and the driver of the car, seeing the child on the track, applying his brake so that the car had almost stopped when it reached the point at which the child lay, he having successfully turned his horses aside so that they would not strike the prostrate body. That is substantially all there is in the record to show how the accident occurred. How is it to be inferred that there was negligence on the part of the driver? He may have seen the child at a distance of eighteen feet in front of his horses, and could properly judge that she would pass over the track safely. Is negligence to be inferred from the simple circumstance that she fell when the car was but a few feet away from her? It certainly cannot be considered negligence because the driver did not stop the car immediately on seeing the child at a distance. The case is in its main feature like that of *Fenton* v. *Second Ave. R. R. Co.* (126 N. Y. 625). There the child fell on the track twenty feet in front of a horse car. Here the greatest distance at which the child was observed was from thirteen to eighteen feet. She certainly fell upon the track, and the only negligence that could be imputed to the driver would be his not having stopped the car completely within the space mentioned. The language of the court in the *Fenton* case is entirely appropriate to this: " If it be assumed that the boy fell twenty feet in front of the horses, as testified to by one of plaintiff's witnesses, then the horses going at the usual rate of speed, assuming it to be six miles an hour, would have reached him in about two seconds, and that was all the time the drivers had to see the peril, apply the brake and arrest the the motion of the car before reaching him ; and there is no evidence that, by the exercise of all the vigilance that the law requires of drivers under such circumstances, they could, after the boy had fallen upon the track, have arrested the car in time to save him from injury. If it be assumed that they saw him as he approached the track they had the same reason to suppose that he would get across that he had, and he probably would have crossed in front of

the horses in safety if he had not fallen. No negligence can be attributed to the drivers because they did not apply the brake before the boy fell, because then, for the first time, the peril commenced and became apparent."

The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.

VAN BRUNT, P. J., WILLIAMS, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.